**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

LESLEE MONTALVO,

    Plaintiff,

v.

WESTERN JUDICIAL SERVICES INC.,
a Florida corporation, and
LOIS MILLIKEN, individually

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LESLEE MONTALVO ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, WESTERN JUDICIAL SERVICES INC., ("WJS") and LOIS MILLIKEN ("L. MILLIKEN") (hereinafter collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, WJS, was a Florida for profit corporation located and transacting business within Tamarac, Florida, within the jurisdiction of this Honorable Court. WJS is headquartered and operates its principal location at 310 Brunson Blvd. 102, Cocoa, Florida 32922.

4. Defendant, WJS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, L. MILLIKEN was the owner of the corporate defendant within Florida.

6. During all times material hereto, Defendant, L. MILLIKEN, was over the age of 18 years, an officer and/or director of the corporate Defendant and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, WJS, during the relevant time period.

7. During all times material hereto, Defendant, L. MILLIKEN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, STW, is headquartered in Brevard County, Florida, and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Defendant, L. MILLIKEN, resides in the State of Florida and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida.

11. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, WJS, provides substance abuse rehab services and outpatient treatment throughout the State of Florida and has been operating since at least April 2000.

## FLSA COVERAGE

13. Defendant, WJS, is covered under the FLSA through enterprise coverage, as WJS was engaged in interstate commerce during Plaintiff's employment period.  More specifically, WJS's business and Plaintiff's work for WJS affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.  Accordingly, Defendant, WJS, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

14. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, printers, computers, telephones, pens, pencils, paper, staplers, etc.

15. Defendant, WJS, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and

materials handled by Plaintiff, thus making Defendant, WJS an enterprise covered by the FLSA.

16. Upon information and belief, Defendant, WJS, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

17. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, WJS and L. MILLIKEN, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

18. Plaintiff began working for Defendants on or about July 28, 2015 and continued to do so until about February 24, 2021.

19. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a program supervisor.

20. During all times material hereto, Plaintiff was an hourly employee.

21. Plaintiff worked an average of forty-five (45) hours per week throughout her employment with Defendants

22. Plaintiff's hourly rate was fifteen ($15.00) per hour in 2018.

23. Plaintiff's hourly rate was twenty-one ($21.00) from 2019 through February 24, 2021.

## INDIVIDUAL EMPLOYER LIABILITY

24. During pertinent times to Plaintiff's employment, Defendant, L. MILLIKEN, oversaw the day-to-day operations of WJS and instructed Plaintiff and other employees on their duties and responsibilities.  Defendant, L. MILLIKEN, also controlled the payroll practices and policies of the company.

25. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

26. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

27. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

30. From the beginning of 2018 until about February 24, 2021, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for some of the hours she worked in excess of forty (40) per workweek.

31. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week during the previous three (3) years.

32. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

33. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

34. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

35. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LESLEE MONTALVO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, WESTERN JUDICIAL SERVICES, INC. and LOIS MILLIKEN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LESLEE MONTALVO, requests and demands a trial by jury on all appropriate claims.

**Dated this 31st day of March 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Leslee Montalvo*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 31, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: